**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| KAREN SMITH, Individually and on Behalf of the ESTATE OF DENNIS WAYNE SMITH; JASON SMITH; and JUSTIN SMITH, §§§§§ | |
| | CIVIL ACTION NO. 2:13-CV-00185-JRG |
| Plaintiffs, §§ | |
| v. §§ | |
| MICHELS CORPORATION, §§ | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Michels Corporation's ("Michels") Amended Opposed Motion to Transfer Venue, filed April 5, 2013 (Dkt. No. 6). Michels requests an intra-district transfer from the Marshall Division to the Texarkana Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). After careful consideration of the parties' written submissions, the motion is **DENIED** for the reasons set forth below.

**I.    Background**

Michels is a corporation incorporated under the laws of the State of Wisconsin and its principal place of business is in Wisconsin. On February 28, 2013, Plaintiffs Karen Smith (Individually and on Behalf of the Estate of Dennis Wayne Smith), Jason Smith, and Justin Smith (collectively "Plaintiffs") filed suit against Michels seeking damages against Michels for its alleged negligence concerning a motor vehicle accident. The accident occurred on November 20, 2012, approximately 4 miles west of Mount Pleasant, Texas. The accident involved a truck driven by Dennis Wayne Smith, deceased, and a tractor trailer owned by Michels and driven by its employee.

## II.    Legal Standard

Change of venue is governed by 28 U.S.C § 1404(a).  Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought."  28 U.S.C. § 1404(a).  The plaintiff's choice of venue is not a separate factor in this analysis.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*").  Rather, the plaintiff's choice of forum contributes to the defendant's burden in showing good cause for the transfer.  *Id.* at 315.  To show good cause, the moving party must demonstrate that the transferee venue is "clearly more convenient" than the transferor venue.  *Id.*  Ultimately, it is within the Court's "broad discretion" whether to order a transfer.  *Id.* at 311.

The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").  If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district.  *Id.*  In making the convenience determination, the Fifth Circuit considers several "private" and "public" interest factors, none of which are given dispositive weight.  *Id.*  The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  *Id.*  The public factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern

the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *Id.*

Finally, the venue statute and the Federal Rules of Civil Procedure strongly suggest that a district court is allowed broader discretion when considering intra-district transfers under § 1404(a).  Prior to its repeal, 28 U.S.C. § 1393 required plaintiffs in multi-divisional districts to file suits in a particular division.  Divisional venue, however, has long ago disappeared and the venue statute 28 U.S.C. § 1391(a) does not contain a divisional filing requirement.  *See, e.g.*, *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) ("Divisional venue was abolished by the Judicial Improvements and Access to Justice Act of 1988, Pub. L. No. 100-702, Title X, § 1001(a), Nov. 19, 1988, 102 Stat. 4664."); *see also* David D. Siegel, Changes in Federal Jurisdiction and Practice Under the New Judicial Improvements and Access to Justice Act, 123 F.R.D. 399, 405-408 (1989) (commenting that Congress found the divisional venue statute played little role even in states that had districts broken down into divisions).  Further, the Federal Rules of Civil Procedure allow significant discretion to district courts in deciding where court is to be held within a district, even without the consent of the parties.  *See* Fed. R. Civ. P. 77(b) ("[N]o hearing—other than one ex parte—may be conducted outside the district unless all the affected parties consent.").  Accordingly, in light of the absence of a divisional filing requirement and given a district court's discretion in deciding where court is to be held, the Court finds that it is allowed greater deference when considering § 1404(a) motions for intra-district change of venue as opposed to inter-district transfer.

## III.    Discussion

The parties do not dispute that the following private and public factors are neutral as regards to weighing the conveniences of a § 1404(a) transfer: availability of compulsory process;

all other practical problems; administrative difficulties flowing from court congestion; familiarity of the forum with the law that will govern the case; and the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  Three factors remain in dispute for the Court to consider: the private interest factors of the relative ease of access to sources of proof and the cost of attendance for willing witnesses; and the public interest factor of the local interest in having localized interests decided at home.

### a.  Private Interest Factors: Sources of Proof and Cost of Attendance

The relevant facts are not in dispute.  The scene of the motor vehicle accident is 80 miles from the United States Courthouse in Marshall, and 77 miles from the United States Courthouse in Texarkana.  The parties appear to agree that the willing fact witnesses and the sources of proof—including investigation materials, first responder materials, emergency care records, and all other documents related to the accident—are approximately the same 80 and 77 miles from the transferor and transferee courthouses, respectively.  Further, it does not appear disputed that this collision occurred just inside the eastern border of Franklin County, and the related events occurred in the southwestern quarter of Titus County, all near the border with Camp County.  Franklin County and Titus County are in the far southwest end of the Texarkana Division and adjacent to its common border with the Marshall Division.

Relying on these facts, Michels argues that the relative ease of access to sources of proof weighs in favor of transfer because all the documents related to the accident are in the Texarkana Division, and no key documents appear to be in the Marshall Division.  Further, Michels asserts that the cost of attendance for willing witnesses favors transfer because the driving distance for Plaintiff Karen Smith and the fact witnesses will be reduced.  In essence, Michels argues that these private interest factors weigh in favor of transfer because the United States Courthouse for

the Texarkana Division is three miles closer than the United States Courthouse for the Marshall Division.[1]  The Court disagrees and finds that these private interest factors are neutral because a three-mile difference in distance—particularly where, as here, the minimum distance from each division is at least 77 miles—bears no weight as to whether the transferee division is "clearly more convenient."

The Fifth Circuit's recent opinion in *In re Radmax, Limited*, 720 F.3d 285 (5th Cir. 2013) (per curiam), does not suggest otherwise.   There, the Fifth Circuit explained that the inconvenience of transporting documents sixty-two miles further to the Marshall Division as compared to the Tyler Division "may well be slight, but . . . the question is of *relative* ease of access, not *absolute* ease of access."  *Id.* at 288 (emphasis in original).  The Court then found that the relative ease of access to sources of proof weighed in favor of transfer "because all of the documents and physical evidence are located in the Tyler Division."   *Id.* (quotations and alterations omitted).

Similarly, all of the documents and physical evidence here appear to be located in the Texarkana Division.   Only the comparative transfer distances differ.   One might then read *Radmax* to suggest that, although the inconvenience of traveling and transporting documents three miles further "may well be slight," a three-mile "inconvenience" nevertheless favors transfer because "the question is of *relative* ease of access, not *absolute* ease of access."

Such an extension of *Radmax*, however, would be internally inconsistent and contradict Fifth Circuit precedent.  To attribute any weight to a three-mile difference would contradict the Fifth Circuit's clarification in *Radmax* of its 100-mile rule.  Regarding the cost of attendance for

---

[1] Michels also argues that because there is an airport approximately six miles from the United States Courthouse in Texarkana, the cost of attendance for Michels will be minimized and thus favors transfer.  Michels, however, does not attempt to compare the convenience of such airport to the convenience of the multiple airports near the United States Court in Marshall.  Accordingly, the Court disregards Michels' argument regarding the airport in Texarkana.

willing witnesses, the Fifth Circuit clarified that the 100-mile "threshold" or "rule" "did not imply . . . that a transfer *within* 100 miles does not imposes costs on witnesses or that such costs should not be factored into the venue-transfer analysis, but only that this factor has greater significance when the distance is greater than 100 miles." *In re Radmax*, 720 F.3d at 289.  Far from this 100-mile threshold of "greater significance," the limited convenience gained, if any, by a transfer of three miles strips this factor of any significance.  Surely the jurisprudence in this circuit is not headed toward such absolutist measurements.  If so, we will soon be measuring in feet, not miles.

Moreover, to hold that such a "slight" inconvenience weighs in favor of transfer would eviscerate "the importance that we must give to the plaintiff's choice [of forum]."  *See In re Volkswagen II*, 545 F.3d at 314 n.10.  Such importance is manifested by placing "a significant burden on the movant to show good cause for the transfer," requiring the movant to demonstrate that the transferee forum is "clearly more convenient."  *Id*.  While the three-mile difference in distance is "clear," any purported "convenience" gained is not.  The Court finds that the movant's desire to avoid traveling a mere three miles further, in the course of a 77- or 80-mile trip, does not weigh in favor of transfer.  If it does, then the importance to be given to plaintiff's choice of venue is nothing more than a legal fiction.

Accordingly, the Court finds that the private interest factors of the relative ease of access to sources of proof and the cost of attendance for willing witnesses are neutral.

   *b.  Public Interest Factor: Local Interest*

Michels argues, and the Court agrees, that the Texarkana Division will have a stronger local interest because the facts giving rise to the suit occurred in the Texarkana Division.  However, because of the physical location of these events, the Texarkana Division has only the

very slightest of a greater interest than does the Marshall Division.  As with the preceding analysis of the sources of proof and cost of attendance factors, the differences between the Marshall and Texarkana communities of interest in this case are so small that there really is no difference.  Accordingly, in light of the greater deference available to the Court when considering intra-district transfers, the Court concludes that this factor is neutral.

Although the Fifth Circuit has recently addressed this Court's application of such deference to this factor, the Court respectfully maintains its conclusion because of the facts and circumstances of this case.  Specifically, the Fifth Circuit understood the "deference referred to [as] respect for 'the plaintiffs' choice of venue'" and held that "[a] leading treatise takes the position . . . that 'the traditional deference given to plaintiff's choice of forum . . . is less' for intra-district transfers.'"  *In re Radmax*, 720 F.3d at 289 (internal citations omitted; omission in original).  Neither finding is applicable here.  First, the greater deference afforded the Court does not stem from any deference to the plaintiff's choice of forum but rather, as discussed above, from the venue statute itself and the Federal Rules of Civil Procedure.  Second, the Fifth Circuit's conclusion and reliance on a leading treatise addresses transfer under only § 1404(b) and not, as here, transfer pursuant to § 1404(a).  *See* 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 111.21[2] (3d ed. 2013) ("[T]he traditional deference given to plaintiff's choice of forum *under Section 1404(a)* is correspondingly less *under Section 1404(b)*") (emphasis added).  Nothing in *Radmax* suggests that an intra-district transfer motion should necessarily be construed as a § 1404(b) transfer.  Nor could it.  *See* 28 U.S.C. § 1404(b) (permitting a district court to, in its discretion, transfer a suit to another division of the same district only "[u]pon motion, consent or stipulation *of all parties*") (emphasis added).  The Court therefore respectfully continues to rely upon such deference here.  The reality of things is that

Mount Pleasant has no greater connection to Texarkana than to Marshall.  The local interest here is in and around Mount Pleasant and a trial in Texarkana does not address that interest any more or any less than would a trial in Marshall.  In any event, even without such deference, this factor is in a practical sense equal or neutral.

## IV.    Conclusion

The Court has balanced all of the relevant factors and finds each factor neutral.  Even if the Court had found the local interest factor to slightly favor transfer, the Court nevertheless finds that Michels has not met its significant burden of demonstrating that the Texarkana Division is clearly more convenient than the Marshall Division.

To be sure, the Court recognizes that this suit has no connection to the Marshall Division and virtually all of the events and witnesses regarding the case are in the Texarkana Division, but this does *not* "obviously" compel transfer.  *But see Radmax*, 720 F.3d at 290 & n.12 (suggesting that transfer is "obviously compelled" where "only the plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case . . . are in the transferee forum") (citing *La Day v. City of Lumberton, Tex.*, Civil Action No. 2:11-cv-237, 2012 U.S. Dist. LEXIS 36431, at *6 - *12 (E.D. Tex. Mar. 19, 2012) (Gilstrap, J.)).  While this Court has stated that "[t]ransfer is appropriate where none of the operative facts occurred in the [transferor] division and where the division had no particular local interest in the outcome of the case," *La Day*, 2012 U.S. Dist. LEXIS 36431 at *10, that was not the Court's only consideration.  *See, e.g.*, *id.* at *7 - *8 (finding that the transferee division was "nearly 200 miles from the Marshall Division, well beyond and almost double the Fifth Circuit's 100-mile threshold").  Indeed, the Court's duty in analyzing the *Gilbert* factors is not merely an exercise in determining the division in which the

events occurred and the witnesses reside.  Such a simplistic abstraction of the facts of each case obscures the realities of any actual inconveniences or lack thereof.  Were it otherwise so, a suit wherein all of the events occurred and witnesses reside in Carthage, Texas, for example, would have to be transferred to the Tyler Division of the Eastern District of Texas.  Yet a transfer to the Tyler Division would require these hypothetical parties and witnesses to travel 33 miles *further* to the United States Courthouse in the Tyler Division rather than in the Marshall Division.  In other words, this hypothetical transfer would defeat the purpose of 28 U.S.C. § 1404(a).  This Court takes the Fifth Circuit's affirmation of the statutory language as quoted in *Volkswagen II* on face value—the transferee venue must be <u>clearly</u> more convenient.  Such is plainly not the case here.

Accordingly, the Court finds that the Defendant's Motion to Transfer Venue (Dkt. No. 6) should be and is hereby **DENIED**.

**So ORDERED and SIGNED this 9th day of September, 2013.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE