**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **KAREN SMITH, Individually and as the** | § | |
| **Independent Administrator of the Estate** | § | |
| **of Dennis Wayne Smith; JASON SMITH;** | § | |
| **and JUSTIN SMITH,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | **Civil Action No. 2:13-cv-00185** |
| | § | |
| **VS.** | § | |
| | § | |
| **MICHELS CORPORATION,** | § | |
| | § | |
| *Defendant.* | § | **Jury Trial Demanded** |

**PLAINTIFFS' RULE 37 MOTION AGAINST DEFENDANT MICHELS**
**CORPORATION AND REQUEST FOR EXPEDITED RESPONSE**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

**COME NOW** the Plaintiffs, by and through their attorneys of record, and file this Plaintiffs'

Rule 37 Motion Against Defendant Michels Corporation and Request for Expedited Response and

would show as follows:

**I. Introduction**

Defendant Michels Corporation has failed to timely produce documentary evidence and other

items (photos and a video) (hereinafter collectively referred to as "documentary evidence") that are

highly relevant in this matter.  Despite being ordered to disclose a copy of all documents in the

"possession, custody, or control of the party that are relevant to the pleaded claims or defenses

involved in this action", Michels has failed to do so in a timely manner as required by the Court's

Discovery Order.  (DE 22)  Plaintiffs therefore seek relief under FRCP 37, including FRCP

37(b)(2)(A)(ii) and request that:

1.  the Court strike the untimely-produced documentary evidence from the Defendant's First Amended List of Trial Exhibits and prohibit the Defendant from offering those Exhibits into evidence;

2.  the Court prohibit the Defendant from attempting to offer testimony related to the untimely-produced documentary evidence;

3.  the Court instruct the Jury that the Defendant has withheld relevant documents contrary to the Court's Discovery Order, and to instruct the Jury that they are entitled to consider the Defendant's withholding of relevant documents in determining the credibility of the Defendant's positions and defenses in this case; and

4.  any and all other relief the Court deems appropriate under Rule 37 of the Federal Rules of Civil Procedure.

## II. Request for Expedited Response and Oral Hearing

The next Pretrial Hearing is set for March 3, 2014 at 1:30 p.m.  The belatedly-produced

documentary evidence made the basis of this Motion are on the Defendant's First Amended Exhibit

List to be addressed at that hearing.  The Plaintiffs respectfully request oral hearing on this Motion

pursuant to Local Rule CV-7(g).  The Plaintiffs also intend to move separately for an order

shortening the time in which the Defendant may file a Response to this Motion in conformity with

Local Rule CV-7(e).

## III. Procedural History

On July 12, 2013 the Court entered its Discovery Order herein.  Paragraph 3 of the Discovery

Order required Additional Disclosures to be made by the parties within forty-five days after the

Scheduling Conference and required each party, without awaiting a discovery request, to provide

every other party "…a copy of all documents, data compilations, and tangible items in the

possession, custody, control of the party that are relevant to the pleaded claims or defenses involved in this action".  Local Rule CV-26(d) provides observations for counsel's guidance in evaluating whether a particular piece of information is "relevant to the claim or defense of any party …".  The materials which the Defendant has recently produced and now added to its Exhibit List contain information identifying persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties.  The new materials also contain information that is likely to have an influence or an effect on the outcome of the Plaintiff's negligence claims and defenses thereto.  The new records also contain information that deserves to be considered and in preparation, evaluation or trial of the Plaintiff's negligence claims and that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try the claims and defenses in this case.  As such, Michel Corporation violated its Disclosure obligations and the July 12, 2013 Discovery Order.

On January 28, 2014 the Defendant served its Pretrial Disclosures.  Defendant's Exhibit Nos. 322 through 343 were identified at that time for the first time in the history of the case.  These Exhibits had never been produced to Plaintiffs prior to their inclusion on Defendant's Exhibit List and were produced to counsel for the Plaintiffs for the first time on the next day, January 29, 2014.  Those documents are as follows on the Defendant's Trial Exhibit List:

| Defendant's Exhibit No(s). | Defendant's Bates No(s). | Description |
|---|---|---|
| 322 | MC001090-MC001113 | Criminal background of Justin Glen Smith |
| 323 | MC001114-MC001115 | Texas DPS Certified Three Year Driving History for Dennis Smith |

| Defendant's Exhibit No(s). | Defendant's Bates No(s). | Description |
|---|---|---|
| 324 | MC001116-MC001116 | Texas DPS Certified Three Year Driving History for Larry Peace |
| 325-342 | MC001118-MC001135 | 18 Photographs Taken by Nate Healy |
| 343 | MC001136 | (DVD) Videotape of Highway 67 Taken by Nate Healy |

After Defendant served its Pretrial Disclosures on January 28 and after the belated production described above, the parties then filed their Joint Pretrial Order on February 10, 2014. Attached to the Joint Pretrial Order was Michel's First Amended List of Trial Exhibits, which contained 362 Exhibits. Exhibits 345 through 362 were included as additional Exhibits, in addition to those made in Defendant's Pretrial Disclosures. Importantly, these newly added Exhibits were also not produced to Plaintiffs until January 29, 2014 and January 30, 2014.

| Defendant's Exhibit No(s). | Defendant's Bates No(s). | Description |
|---|---|---|
| 345 | MC001090-MC001113 | Criminal Background of Justin Glen Smith |
| 346 | MC001114-MC001115 | Texas DPS Certified Three Year Driving History for Dennis Smith |
| 347 | MC001116-MC001116 | Texas DPS Certified Three Year Driving History for Larry Peace |
| 348 | MC001118-MC001135 | 18 Photographs Taken by Nate Healy (Accident Scene and U.S. Highway 67) (Undated) |
| 349 | MC001136 | (DVD) Videotape of Highway 67 Taken by Nate Healy (Undated) |
| 350 | MC001137-MC001150 | GPS Data for the Truck Mr. Peace Drove for 11/10/12 |
| 351 | MC001151 | Michels Corporation HR Document Showing Mr. Peace Was Terminated |
| 352 | N/A | Defendant Skipped This Exhibit Number |
| 353 | N/A | Defendant Skipped This Exhibit Number |
| 354 | MC001302-MC001304 | Safety Stand Down Action Plan from Sean Nicholson, Director of HSE (November 21,2012) |
| 355 | MC001302-MC001304 | A Typed Statement That Was Signed by Larry Peace on November 21, 2012 |

| Defendant's Exhibit No(s). | Defendant's Bates No(s). | Description |
|---|---|---|
| 356 | MC001311-MC001317 | Email from Mark Pope Dated November 21, 2012 With Defensive Driving Training |
| 357 | MC001318-MC001322 | Employee Orientation Documents Concerning Larry Peace (October 31, 2012) |
| 358 | MC001323-MC001324 | Pre-Employment Drug Test of Larry Peace (October 31, 2012) |
| 359 | MC001325-MC001350 | Other Safety Meetings Attended by Larry Peace (November, 2012) |
| 360 | MC001351 | Authorization for Pre-Employment Drug Test (October 31, 2012) |
| 361 | MC001352-MC001407 | GPS Data for the Truck to Which Mr. Peace Was Assigned for 11/12/12-11/19/12 |
| 362 | MC001408-MC001419 | The PowerPoint Presentation for the "All Hands" Safety Meeting on 11/21/12 |

## IV. Argument Under FRCP 37(b)(2)(A)(ii)

Federal Rule 37(b)(2)(A)(ii) allows the Court to prohibit a party from introducing designated matters into evidence when disobeying a discovery order. Defendant Michels had an obligation to produce relevant documents on August 16, 2013 under paragraph 3 of the Court's Discovery Order (DE 22). The documents in dispute were first produced on January 29 and January 30, 2014, over 6 months after the disclosure requirement.

It is undisputed that the negligence claims in this case arise from the horrific wreck caused by Mr. Peace, as Defendant's employee, on November 20, 2012. These claims were asserted in Plaintiffs' Original Petition, and remain viable today. At a minimum and absent any sort of privilege assertion, documents in Defendant's possession related to this wreck should have been produced long ago. Instead, Defendant produced many of these after the parties' Pretrial Disclosures were exchanged, and apparently only after Defendant belatedly decided it needed them in trial to

attempt to refute Plaintiffs' claims of approval or ratification of Mr. Peace's conduct.   Such gamesmanship should not be tolerated by the Court.

Many of the disputed documents came directly from the employment file of Larry Peace.  These documents include employment orientation documents relating to Mr. Peace, safety meetings attended by Mr. Peace, pre-employment drug testing of Mr. Peace, and other documents concerning Mr. Peace and his employment with Defendant.  (See Defendant Exhibits 347, 357, 358 and 359.)

Defendant Exhibit 355 is a typed statement that was signed by Mr. Peace describing the actual wreck (Exhibit A attached) and first produced January 29, 2014.

Defendant Exhibits 325 through 342 are photographs of Highway 67 (where the accident occurred) taken by Nate Healy. Mr. Healy was the Defendant's Project Safety Manager.  Defendant Exhibit 343 is a videotape of the highway taken by Mr. Healy.  Plaintiffs should have had the benefit of these documents and videotape for the depositions taken of Mr. Peace and of Nate Healy on November 19 and 20, 2013.

These employment records and photographs of the accident scene are clearly relevant to the negligence claims in this matter and should have been produced long before the eve of trial.

Defendant Exhibit 354 is an alleged "Safety Stand Down Action Plan from Sean Nicholson, Director." This "Safety Stand Down Action Plan" was created and emailed to others on November 21, 2012, one day after the wreck that took Dennis Smith's life. (See Defendant Exhibits 354 and 362 attached collectively as Exhibit B.)   Exhibit 354 specifically states that part of the plan is to discuss an "[o]verview of the very unfortunate motor vehicle accident."  In addition to this document being produced on January 29, 2014, names of the individuals who were copied on the "Safety Stand

Down Action Plan" were never disclosed to Plaintiffs until the document itself was produced on January 29, 2014.

Sean Nicholson, who authored the email, was not designated as a person with knowledge of relevant facts until Defendant filed its list of proposed witnesses as part of its Pretrial Disclosures.

Defendant Exhibit 356 is an email from Mark Pope at 11:49 PM on the night of the wreck (attached as Exhibit C). This email contains defensive driving training points for Defendant and was sent to Mikki Simmons, Defendant's employee who responded to the scene of the accident some five hours earlier according to Defendant's disclosures.

These documents are relevant to the negligence claims brought against Defendant. Any action taken by Defendant in direct response to a fatal automobile wreck is without question relevant to the pleaded negligence claims that arose directly from the wreck. Defendant should not get the benefit of these documents, photographs and videotape for failing to produce them in a timely manner as required by the Court's Discovery Order. Defendant apparently only decided to produce them when it realized they could be used in a self-serving fashion. Such conduct should not be condoned.

### V. Relief Requested

Plaintiffs seek relief under FRCP 37 including, but not limited to, FRCP 37(b)(2)(A)(ii) and request that the Court:

1.      strike the untimely-produced documentary evidence from the Defendant's First Amended List of Trial Exhibits and exclude the untimely-produced documentary evidence from being offered into evidence at trial;

2.      prohibit the Defendant from offering any testimony regarding the untimely-produced documentary evidence;

3.   instruct the Jury that the Defendant has withheld relevant documents contrary to the Court's Order and instruct the Jury that it is entitled to consider this in determining the credibility of the Defendant's positions and defenses in this case; and

4.   any and all other relief which the Court deems appropriate pursuant to FRCP 37.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs respectfully request the entry of an Order granting the foregoing Motion and granting the Plaintiffs the relief more specifically requested hereinabove, and for any and all other relief, at law and in equity, to which the Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**THE LAW OFFICES OF
FRANK L. BRANSON, P.C.**

  */s/ Thomas J. Farmer*
**FRANK L. BRANSON**
Texas Bar No. 02899000
E-Mail: flbranson@flbranson.com
**THOMAS J. FARMER**
Texas Bar No. 06826400
E-Mail: tjfarmer@flbranson.com
Highland Park Place
4514 Cole Avenue, Suite 1800
Dallas, Texas 75205
Telephone: (214) 522-0200
Facsimile:  (214) 521-5485

**WARD & SMITH LAW FIRM**
**HON. T. JOHN WARD**
Texas Bar No. 20848000
Email: tjw@wsfirm.com
**BRUCE A. SMITH**
Texas Bar No. 18542800
Email: bsmith@wsfirm.com
Post Office Box 1231
Longview, Texas 75606
Telephone:     (903) 757-6400
Facsimile:     (903) 757-2323

*ATTORNEYS FOR PLAINTIFFS KAREN*
*SMITH, Individually and as the Independent*
*Administrator of the Estate of Dennis Wayne*
*Smith, and JASON SMITH*

**TRUELOVE LAW FIRM, PLLC**

  */s/ Kurt Truelove*
**KURT TRUELOVE**
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
100 West Houston
Post Office Box 1409
Marshall, Texas 75671
Telephone:     (903) 938-8321
Facsimile:     (903) 215-8510

*ATTORNEY FOR PLAINTIFF*
*JUSTIN SMITH*

## CERTIFICATE OF CONFERENCE

Counsel has complied with the meet and confer requirements in Local Rule CV-7(h) and this Motion is opposed.  The Conferences required by Local Rule CV-7(h) were conducted on February 21, 2014 and February 24, 2014 between Mr. Farmer and Ms. Liser; no agreements could be reached as the Plaintiffs believe Defendant Michels Corporation should be sanctioned for its untimely-produced documentary evidence and counsel for the Defendant disagrees; and the discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

  _/s/ Thomas J. Farmer_
**THOMAS J. FARMER**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of February, 2014, the foregoing document was electronically filed with the Clerk of the Court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the Court. The electronic filing system sent a "Notice of Electronic Filing", with the foregoing document attached, to all attorneys of record.

  _/s/ Thomas J. Farmer_
**THOMAS J. FARMER**