IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **KAREN SMITH, Individually and on Behalf of the ESTATE OF DENNIS WAYNE SMITH; JASON SMITH; and JUSTIN SMITH** § § § § § | |
| VS. § | CIVIL ACTION NO. 2:13-CV-00185 |
| § § | |
| **MICHELS CORPORATION** § | |

DEFENDANT MICHELS CORPORATION'S
RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Michels Corporation asks the Court to deny Plaintiff's Motion for Sanctions.

A. SUMMARY OF RESPONSE

1. Although Plaintiffs have blatantly violated this Court's order by failing to provide a privilege log and have continued to produce documents after Defendant produced the documents of which Plaintiffs complain, Plaintiffs have asked this Court to issue almost the harshest sanctions available – striking testimony and evidence and instructing the jury to consider Michels Corporation to be unbelievable. Defendant would show the Court that no sanctions are warranted and certainly not the "death penalty sanction" requested by Plaintiffs.

2. Plaintiffs complain about three categories of documents: (1) documents obtained from third parties that were equally available to both parties; (2) documents that were only relevant to the issue of whether Michels Corporation ratified the actions of Larry Peace which was first alleged by Plaintiffs' in their Amended Complaint filed on December 30, 2013; and (3) documents which were relevant to Plaintiffs' Original Complaint but which were inadvertently not located and produced before January 29, 2014.

## B. SUMMARY OF FACTUAL BASIS

3.     Plaintiffs filed this lawsuit on February 28, 2013.  Plaintiff only sued Michels Corporation. Plaintiffs did not and have not to this day sued Larry Peace in any capacity, even though there is no dispute that Larry Peace was in the course and scope of his employment with Michels.  It is important to note that, Plaintiffs' own expert has testified that he had no complaints about Michels' hiring of Larry Peace as a driver.  Moreover, Plaintiffs have stipulated in the Pretrial Order that Michels was not negligent in hiring Mr. Peace.  Consequently, many of the documents that relate to Mr. Peace's employment, hiring, and work status with Michels before the accident are not inherently relevant to Plaintiffs' claims against Michels.  Plaintiffs did not sue Michels for gross negligence.

4.     The Court entered its Docket Control Plan in which the Court ordered that both parties produce privilege logs on or before October 7, 2013 or a letter to the Court that no disputes existed. No letter was filed..  Therefore Defendant served its privilege log to Plaintiffs on October 7, 2013.  To this day, Plaintiffs have still not produced a privilege log to Defendant and Defendant has no ability to know if Plaintiffs are withholding documents which should be addressed in a motion to compel. Conversely, Plaintiffs were provided a privilege log and were given the opportunity to present to this Court the one objection Plaintiffs had to the privilege log concerning investigative reports, which the Court held were privileged.

5.     After the initial disclosures, both parties supplemented their disclosures multiple times. Plaintiffs served six supplements to their initial disclosures, including one which was served **after** the documents of which Plaintiffs complains that were served by Defendant.  Defendant supplemented its disclosures four separate times, showing its efforts to compile with the Court's rules.

6.     Plaintiffs took the depositions of two employees of Michels Corporation: Larry Peace, the driver of the truck, and Mr. Nate Healy, the Health Safety and Environmental Director for the particular project on which Mr. Peace was working at the time of the accident in question.   Mr. Healy was on

vacation during the week of the accident and had no knowledge of the response of Michels Corporation to the accident. Until February 26, 2014, after Plaintiffs filed their motion, Plaintiffs had not deposed any employee or representative of Michels Corporation who had knowledge of the response of Michels to this accident or the efforts of Michels to not ratify the actions of Mr. Larry Peace or to repudiate those actions.

7. Plaintiffs filed their Amended Complaint on December 30, 2013. For the first time, Plaintiffs alleged Michels Corporation was guilty of gross negligence because it ratified the actions of Mr. Larry Peace. Up and until that time, Plaintiffs never alleged gross negligence against Michels Corporation. Most significantly, any actions Michels Corporation took **after the accident** became relevant for the first time.

8. In response to Plaintiffs' Amended Complaint, Defendant reviewed its filed to insure that all relevant documents, including documents which had just recently become relevant, had been produced. *Exhibit A, Stegeman declaration, paragraph 3.* As a result of these efforts, Defendants located documents which were now relevant to Plaintiffs' new theory of ratification and located additional documents which were arguably relevant to Plaintiffs' Original Complaint. The documents Plaintiffs complain of were produced in a timely manner via letters to opposing counsel on January 13, 2014, January 30, 2014 and followed by a second letter dated January 30, 2014 in accordance with the FRCP 26(e)(1)(A). Importantly, all of the documents relevant to whether Michels Corporation ratified the actions of Mr. Larry Peace or failed to repudiate his actions were produced within 30 days of Plaintiffs' Amended Complaint.

9. On February 24, 2014, **almost one month** after these documents were produced, Plaintiffs filed their motion alleging Defendant Michels Corporation ("Michels") failed to timely produce documentary evidence and items (photos and a video) that are relevant to this matter.

## C. ARGUMENT

4.10. First, Defendant asserts Plaintiffs' motion is untimely. The court imposed a deadline of January 2, 2014 to file all motions which may require a hearing. Obviously, since the documents in question were not produced by that deadline, Plaintiffs could not have filed this motion by the deadline. However, the Court clearly intended the parties to resolve all disputes as soon as possible and certainly well before trial. The documents in question were produced almost one month before Plaintiffs filed their motion. Defendant respectfully requests this motion be denied in its entirely for Plaintiffs' failure to raise these issues timely.

11. "The purpose of sanctions is to secure compliance with the discovery rules, to deter violation of the discovery rules by other and to punish the parties for discovery violations. *See National Hockey League v. Metro Hockey Club, Inc.* 427 U.S. 639, 643 (1976). When considering sanctions, a court should insure that any discovery sanction comports with due process. *See Insurance Corp. of IR. Ltd. V. Compoagnie – Bauxites De Guinee*, 456 U.S. 694, 705 (1982). The sanctions imposed must have a direct relationship to the offensive conduct. *See Martin v. Brown,* 633 F.3d 1252, 1263-64, (3d Cir. 1995); *Nilsson Robins, Dalgarn, Berliner, Carson and Wurst v. La. Hydraulic*, 854 F.2d 1538, 1546 (9th Cir. 1988).

5.12. The Fifth Circuit has consistently held that a district court, when considering the imposition of sanctions for discovery violations, must carefully weigh several factors, and if it decides such a sanction is in order, it "should impose the least severe sanction that will accomplish the desired result - prompt and full compliance with the court's discovery orders. *United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. Unit B 1982); *see also United States v. Katz*, 178 F.3d 368, 372 (5th Cir. 1999). In *United States v. Garrett,* 238 F.2d 293, (5th Cir. 2000),, trial was set on April 5. The plaintiff produced documents on April 2 and eight inches of documents on April 5, the date of trial. After two days of hearings, the court struck Plaintiff's witnesses as to whom the excluded document had been

addressed. Plaintiff timely filed its interlocutory appeal of the court's sanction order. The Fifth Circuit stated " a district court exercising its discretion and considering the imposition of sanctions for discovery violations should consider the following factors: 1) the reasons why disclosure was not made; 2) the amount of prejudice to the opposing party; 3) the feasibility of curing such prejudice with a continuance of the trial; and 4) any other relevant circumstances. *See Katz*, 178 F.3d at 371 (citing *United States v. Bentley*, 875 F.2d 1114, 1118 (5th Cir. 1989)) . And as noted above, in fashioning any such sanction, the district court should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders. *Id.*"

13. The Fifth Circuit also addressed the reason for the plaintiff's failure to timely produce the disputed documents and noted "…the district court explicitly noted that the government did not violate its discovery orders in bad faith and that its late production was the result of an unintentional mistake. Indeed, no improper motive was attributed to the government's tardy production." *238 F. 2d at 299*. The Fifth Circuit further addressed that the prejudice on the defendant was minimal and the prejudice which had occurred could be cured with a much lessor sanction. The Fifth Circuit vacated the District Court's sanction order and remanded the case to trial, stating:

> In light of the absence of bad faith on the part of the government, the minimal amount of substantive prejudice because of the cumulative nature of the tardily disclosed materials, and the availability of a much less severe sanction than striking witnesses with the effect of eviscerating the government's case, we find that the district court could most certainly have eliminated the minor prejudice with either a brief delay or a less severe sanction. *238 F.2d at 301*.

14. Once the Court applies the facts and holdings of Garrett to the facts before this case, the Court will see tat Plaintiffs' motion should be denied in its entirety. The first category of documents were obtained from third parties over which neither Defendant nor Plaintiffs had ay control. *Criminal records and driving records* Both Defendant Plaintiff had an equal right and access to those documents with a proper request.

15.     The second category of documents only became relevant on December 30, 2013. Prusuant to Local Rule CV-26(d), parties are required to produce documents which are "relevant to the claim or defense of any party." Plaintiffs made no allegations in their Original complaint concerning how Michels responded **after the accident,** only what Michels did in its hiring and training of Larry Peace before the accident. Once Plaintiffs changed their allegations, Defendant produced the documents relevant to ratification within 27 days of the amended complaint. The Court should deny the Motion for Sanctions for these documents because Defendant Michels Corporation properly certified its disclosure as required under the Federal Rule of Procedure 26(g)(1)(A). The disclosure was made after a reasonable inquiry and was complete and correct when it was made. *(Federal Rule of Civil Procedure 26(g)(1).* Again, at the time of the initial disclosures, Michels had not been alleged to have been grossly negligent. The disclosures made at the time were relevant to and directly responsive to the general negligence claims that were then alleged against Michels until December 30, 2013. Once the new allegations were made, it completely changed what documents were relevant because what occurred after the accident became relevant. This further changed Michels' responsibility to re-evaluate its earlier disclosure responses and conduct a due diligence search for documents which were identified and timely supplemented. Consequently, it is disingenuous for Plaintiffs to claim sanctions or to demand sanctions when at any point through out the litigation process, they could have amended their complaint to include gross negligence or any other claim they felt was warranted, which would have induced Michels to re-evaluate and research its documents for relevant responsive documents to declare in its Initial and Amended Disclosures. That was not the case and as such, Michels did timely and forth rightly supplement its disclosures pursuant to Federal Rule of Civil Procedure 26(e)(1)(A); *Southern States and Fixture Inc. v. Sherwin-Williams Company,* 318 F.3d 592, 595-96 (4th Cir. 2003).

16.     For the third category of documents, those that are relevant to Plaintiffs' allegations contained in their Original Complaint, while those documents should have been produced earlier if they had been

{02731921.DOC / }
DEFENDANT MICHELS CORPORATION'S
RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS                                                        PAGE 6

located, the sanctions requested by Plaintiffs do not fall within the guidelines set forth under *Garrett*. Under Federal Rule of Civil Procedure 37(b) and 37 (c), Michels Corporation's conduct was not in bad faith for willful disobedience of a Court Order or for fraud on the Court; therefore, the use of the Court's inherent power to sanction is unwarranted. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991); *Mendez v. Cnty of San Bernadino,* 540 F.3d 1109, 1131-32 (9th Cir. 2008). Michels establishes that there was no bad faith or intent to withhold documents. The documents were just recently located and there was no intentional delay in producing them or any intent to withhold them from production.

17. This Court should deny the Motion for Sanctions because Michels did comply with the Court's Order and sanctions would be unjust in this case. *See Federal Rule of Civil Procedure 37(b).* As previously stated, Michels conducted a more intensive search for documents once it had been alleged to have been grossly negligent by Plaintiffs at the end of 2013. The additional documents discovered were timely produced within thirty days of the Plaintiffs filing of their Amended Complaint. Consequently, it would be unjust for Michels to endure any sanctions in this matter due to its Amended Disclosures made within a reasonable time period given the Plaintiffs newly pled allegations.

### D. CONCLUSION

18. Michels acted responsibly and with due diligence upon being served Plaintiffs' Amended Complaint wherein it was alleged to have been grossly negligent. The initial and subsequent disclosures provided by Michels were complete, direct, non-evasive, not misleading and were adequate at the time of filing. Since those Initial Disclosures, Plaintiff amended their Complaint and Defendant Michels responded accordingly by diligently researching its files and identifying new documents responsive to the Initial Disclosures. Michels' Third Amended Initial Disclosures were done in a timely manner and any documents which should have been produced earlier were not withheld with intent or bad faith. If the court thinks sanctions are warranted, those sanctions do not include exclusion of evidence or a

jury instruction but, at worse, a short delay in the trial to allow Plaintiffs to respond to those documents.

          Respectfully submitted,

          NAMAN HOWELL SMITH & LEE, PLLC
          Fort Worth Club Building
          306 West 7th Street, Suite 405
          Fort Worth, Texas 76102-4911
          Telephone: (817) 509-2025
          Facsimile: (817) 509-2060

          /s/ Sandra Liser
          SANDRA LISER
          State Bar No. 17072250
          sliser@namanhowell.com
          GRANT LISER
          State Bar No. 12415000
          gliser@namanhowell.com

          DEAN ALLEN SEARLE
          State Bar No. 17956600
          SEARLE & SEARLE, P.C.
          P. O. Box 910
          Marshall, TX 75671-0910
          Telephone: (903) 935-9772
          Facsimile: (903) 935-9790
          E-Mail: dsearle54@gmail.com

          ATTORNEYS FOR DEFENDANT
          MICHELS CORPORATION

## CERTIFICATE OF SERVICE

      This is to certify that this document has been served upon all attorneys of record as shown below on this 2nd day of March, 2014.

          *Via Electronic Mail*
          Thomas J. Farmer
          Frank L. Branson
          Quentin Brogdon
          THE LAW OFFICES OF FRANK L. BRANSON, P.C.

>Highland Park Place
>4514 Cole Avenue, Suite 1800
>Dallas, Texas 75205
>
>*Via Electronic Mail*
>T. John Ward
>WARD & SMITH LAW FIRM
>P. O. Box 1231
>Longview, Texas 75606-1231
>
>*Via Electronic Mail*
>Kurt Truelove
>TRUELOVE LAW FIRM, PLLC
>100 West Houston
>Marshall, Texas 75671
>
>  /s/ Sandra Liser
> Sandra Liser